## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **HOWARD H.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:20-cv-4932** |
| | : | |
| **v.** | : | **Chief Judge Algenon L. Marbley** |
| | : | |
| **COMMISSIONER OF SOCIAL** | : | **Magistrate Judge Chelsey M. Vascura** |
| **SECURITY,** | : | |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

This matter comes before the Court on Plaintiff's Objection (ECF No. 22) to the Magistrate

Judge's Report and Recommendation (ECF No. 21) that the Court overrule Plaintiff's Statement

of Errors and affirm the Commissioner's non-disability determination. Upon *de novo* review by

the Court, and for the reasons set forth below, Plaintiff's Objection is hereby **OVERRULED**. The

Report and Recommendation is **AFFIRMED WITH MODIFICATIONS**.

## I. BACKGROUND

Plaintiff filed an application for Title II Social Security Benefits on June 8, 2017, alleging

(after amendment) that he had been disabled since March 23, 2017. (ECF No. 15-7, Tr. 748, 757).

Plaintiff's application was denied initially and again upon reconsideration. (ECF No. 15-6, Tr.

659, 679). On August 29, 2019, Plaintiff appeared before an Administrative Law Judge ("ALJ"),

who found Plaintiff was not disabled as defined in the Social Security Act. (ECF No. 15-4, Tr.

451–54). On July 21, 2020, the Appeals Council denied Plaintiff's request for review, making the

ALJ's ruling the final decision of the Commissioner. (ECF No. 15-1, Tr. 1).

Plaintiff timely filed this action for review, seeking reversal of the Commissioner's

decision on the ground that it was "not supported by substantial evidence." (ECF No. 4; No. 18 at

1). Plaintiff specifically claimed the ALJ erred by not properly evaluating the medical opinions provided by Gregory Johnson, Ph.D., a state agency consultative examiner; and Vicki Warren, Ph.D., a state agency psychologist. (*Id.* at 8, 9). The Commissioner asserts the ALJ "reasonably evaluated the medical opinion evidence" and "assessed a detailed residual functional capacity finding" after "carefully review[ing] the entire evidence of record." (ECF No. 19 at 1).

The ALJ reached her non-disability determination through the five-step analysis required by 20 C.F.R. § 404.1520(a)(4). (ECF No. 15-4, Tr. 455–56). At step one, the ALJ determined that Plaintiff had "not engaged in substantial gainful activity" since the "alleged onset date." (*Id.*, Tr. 457). At step two, the ALJ determined that Plaintiff had "the following severe impairments: Degenerative Disc Disease, thoracic, cervical, and lumbar spine, post-laminectomy; Peripheral Neuropathy; Left Rotator Cuff Repair; Hips degenerative changes; and Depression." (*Id.*). At step three, the ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." (*Id.*). At step four, the ALJ set forth Plaintiff's residual functional capacity:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps and stairs, never climb ladders, ropes, or scaffolds, occasionally stoop, kneel, crouch, and crawl, can perform occasional overhead reaching on the left and frequent reaching all other directions on the left, no exposure to unprotected heights, frequent exposure to moving mechanical parts and motor vehicle operation, and no more than occasional exposure to vibration. In addition, he is limited to semi-skilled work and can have occasional interaction with co-workers, supervisors, and the public.

(ECF No. 15-4, Tr. 461). The ALJ concluded in step five that, based on expert testimony, Plaintiff was "unable to perform any past relevant work" as a "Fast Food Services Manager." (*Id.*, Tr. 475). However, upon consideration of Plaintiff's "age, education, work experience, and residual functional capacity," the ALJ determined Plaintiff would be successful in adjusting to other "jobs

that exists in significant numbers in the national economy." (*Id.*, Tr. 476). The ALJ therefore determined that Plaintiff "is not disabled under . . . the Social Security Act." (*Id.*, Tr. 477). The ALJ reached her decision, in part, by rejecting the opinions of Dr. Johnson, the psychiatric consultative examiner whom Plaintiff visited on two occasions; and Dr. Warren, the psychiatric consultant who reviewed Plaintiff's medical records. (*Id.*, Tr. 473, 671–72).

On October 20, 2021, the Magistrate Judge issued a Report and Recommendation that this Court overrule Plaintiff's Statement of Errors and affirm the Commissioner's determination that Plaintiff is not disabled. (ECF No. 21). Plaintiff objects that the ALJ failed to evaluate properly the medical opinion evidence of Drs. Johnson and Warren under 20 C.F.R. § 404.1520c, which requires the evidence be evaluated for supportability and consistency. (ECF No. 22).

## II.  STANDARD OF REVIEW

Upon objection to a Magistrate Judge's Report and Recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). It is "more than a mere scintilla, but only so much as would be required to prevent judgment as a matter of law if this case were being tried to a jury." *Inman v. Astrue*, 920 F. Supp. 2d 861, 863 (S.D. Ohio 2013) (citing *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988)).

3

The Commissioner's findings are not to be reversed "merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. *Elkins v. Sec'y of Health & Human Servs.*, 658 F.2d 437, 439 (6th Cir. 1981).

Finally, the Court may not uphold a decision of the Commissioner where the agency "'fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). If the ALJ fails to engage in sufficient discussion as required by the agency's regulations, but no prejudice results to the claimant, the oversight may amount to "harmless error." *Rabbers*, 582 F.3d at 654. Such harmless error may result if:

> (1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of [regulations governing opinion evidence]—the provision of the procedural safeguard of reasons—even though [the ALJ] has not complied with the terms of the regulation.

*Hernandez v. Comm'r of Soc. Sec.*, 644 F. App'x 468, 474 (6th Cir. 2016) (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).

### III.   LAW AND ANALYSIS

Before this Court, Plaintiff asserts a sole Objection to the Report and Recommendation: that the ALJ did not properly evaluate the medical opinions of Drs. Johnson and Warren under 20 C.F.R. § 404.1520c. (ECF No. 22 at 2). This regulation applies to the consideration of medical opinions in Social Security proceedings and requires that the opinions be assessed for

4

"supportability" and "consistency." 20 C.F.R. § 404.1520c(c)(1), (2). The regulation reads as follows:

> We will consider the following factors when we consider the medical opinion(s) . . . in your case:
> (1) *Supportability*. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be.
> (2) *Consistency*. The more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be.

*Id*.

Supportability and consistency "are the most important" of the factors described in the regulation. 20 C.F.R. § 404.1520c(b)(2). The ALJ must "explain how" these factors were considered, *Id.*; but she is not required to specifically use the terms "supportability" or "consistency" in her analysis. *Hardy v. Comm'r of Soc. Sec.*, 2021 WL 4059310, at *2 (S.D. Ohio Sept. 7, 2021).

In the Report and Recommendation, the Magistrate Judge did not fault the ALJ in her analysis of supportability and consistency. The Court reviews this issue *de novo* for Drs. Johnson and Warren both.

### A.  Dr. Johnson

Dr. Johnson conducted two examinations of Plaintiff. After the first, Dr. Johnson opined that Plaintiff would "not have an elevated risk for dysfunction in carrying out instructions given to him in the workplace," nor for "inappropriate responses" to coworkers, supervisors, or workplace pressures. (ECF No. 15-14, Tr. 1394–96). Dr. Johnson further explained that Plaintiff may have a "somewhat elevated risk for dysfunction in maintaining pace and persistence in simple tasks," and an "elevated risk for dysfunction" in performing "multi-step tasks." (*Id.*, Tr. 1395). After his second examination of Plaintiff, Dr. Johnson revised his opinion to raise slightly the risk of

dysfunction in carrying out instructions and responding appropriately to coworkers and supervisors. (*Id.*, Tr. 1447–49).

The ALJ found Dr. Johnson's medical opinions to be "unpersuasive" based on their vagueness and lack of "vocationally relevant terms," as well as other evidence presented at the hearing. (ECF No. 15-4, Tr. 473–74). The Magistrate Judge found no error in discounting the vaguely stated opinion, writing that "it is difficult to see how the ALJ would assess the supportability and consistency of Dr. Johnson's opinions given that he did not opine any specific limitations." (ECF No. 21 at 17). "In any event," the Magistrate Judge continued, "the ALJ explained that Dr. Johnson's opinions were not consistent with other record evidence that Plaintiff's depression was under control with medications." (*Id.*). Plaintiff objects to this portion of the Report and Recommendation and maintains the ALJ erred in evaluating Dr. Johnson's opinions by neglecting the mandatory factors in 20 C.F.R. § 404.1520c. (ECF No. 22 at 3–4).

*1. Supportability*

Beginning with supportability, the Court concurs that the ALJ's explanation was lacking with respect to Dr. Johnson's opinions. The regulations make it "unquestionably clear that an ALJ must set forth a minimum level of articulation as to how she considered the supportability and consistency factors." *Miles v. Comm'r of Soc. Sec.*, 2021 WL 4905438, at *3 (S.D. Ohio Oct. 21, 2021) (internal quotation marks omitted). Describing an opinion as "vague" does not, in the Court's view, sufficiently dispose of it without further commentary as to the "objective medical evidence and supporting explanations" underlying the opinion. 20 C.F.R. § 404.1520c(c)(1); *see also Miles*, 2021 WL 4905438, at *4 (error occurred where ALJ "found portions of these reports to be unpersuasive as they were 'generally vague,'" but "failed to explain how she considered the factor of supportability when reaching this conclusion"). It may be that some opinions are *so* vague

that the ALJ is unable to evaluate their supportability; but the Court is left to speculate whether that is what the ALJ concluded here. And when the Court is unable to follow the ALJ's logic, error has occurred. *See, e.g.*, *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (ALJ must "build an accurate and logical bridge between the evidence and the result" (internal quotation marks omitted)); *Jacob B. v. Comm'r of Soc. Sec.*, 2022 WL 130761, at *8 (S.D. Ohio Jan. 14, 2022) ("In the absence of a sufficient explanation of supportability . . . the Court cannot conclude that the ALJ's consideration of [the medical] opinion is supported by substantial evidence").

Nonetheless, the Court also concludes that Dr. Johnson's opinions regarding Plaintiff's "somewhat elevated risk" in carrying out instructions, performing tasks, and interacting appropriately with coworkers (ECF No. 15-14, Tr. 1394–96, 1447–49) would not support any further reduction in his residual functional capacity. Even if those opinions were given full credence on supportability, they still would not be "stated using vocationally relevant terms" (ECF No. 15-4, Tr. 473), as would guide the ALJ to a more limited residual functional capacity than the one she crafted: "semi-skilled work with occasional interaction with co-workers, supervisors, and the public." (*Id.*). *Cf. Miles*, 2021 WL 4905438, at *4 (remand is appropriate where the ALJ erred by "discounting these medical opinions and *excluding certain functional limitations*'" (emphasis added)). Because Dr. Johnson's characterization of Plaintiff's limitations would not support a substantive finding that Plaintiff has any lesser residual functional capacity than the ALJ determined, the Court finds that Plaintiff has not been prejudiced on the merits or deprived of substantive rights. *See Rabbers*, 582 F.3d at 651. Therefore, the ALJ committed harmless error in failing to assess Dr. Johnson's opinion for supportability.

Plaintiff's Objection on this point is overruled on grounds of harmless error, rather than the reasons set out in the Report and Recommendation.

*2. Consistency*

The ALJ did not err when assessing Dr. Johnson's opinions for consistency. Although the ALJ likewise did not use the precise term, a consistency analysis is apparent from the ALJ's reference to other evidence received at the hearing. (ECF No. 15-4, Tr. 473–74). *See also Hardy*, 2021 WL 4059310, at *2 (ALJ need not "specifically mention the words 'supportability' and 'consistency'" in her discussion). That evidence established that Plaintiff's depression is "controlled by medications" (ECF No. 15-4, Tr. 473–74), which would tend to contradict certain of Dr. Johnson's findings on the risk of dysfunction. Thus, the ALJ explained that Dr. Johnson's opinions were "unpersuasive," as other record evidence "support[ed] that the claimant has no greater mental limitations than those set forth in the above residual functional capacity." (ECF No. 154, Tr. 473–74).

The Court finds that the ALJ's reference to "evidence from other medical sources and nonmedical sources," 20 C.F.R. § 404.1520c(c)(2), evinces a consistency analysis within the meaning of the regulation. This is the same conclusion reached by the Magistrate Judge. (ECF No. 21 at 17). The ALJ did not err by neglecting the consistency factor, so Plaintiff's Objection is overruled on this point as well.

In sum, the ALJ harmlessly erred when she failed to assess Dr. Johnson's opinions for supportability but appropriately assessed Dr. Johnson's opinions for consistency.

**B.  Dr. Warren**

Dr. Warren reviewed Plaintiff's medical files and assessed him to be "Moderately limited" in his ability to "understand and remember detailed instructions," "carry out detailed instructions," and "maintain attention and concentration for extended periods." (ECF No. 15-6, Tr. 676–79). The ALJ found Dr. Warren's medical opinion to be "minimally persuasive" based on contradictory

evidence and noted that she had "accounted for the claimant's mental limitations" in crafting the residual functional capacity. (ECF No. 15-14, Tr. 473). The Magistrate Judge concluded that the ALJ considered supportability and "found it lacking because [s]he explicitly cited portions of Dr. Johnson's evaluations [reviewed by Dr. Warren] that did not support Dr. Warren's findings." (ECF No. 21 at 20). Continuing, the Magistrate Judge wrote that "[t]he ALJ did not implicitly or explicitly discuss the consistency factor because [s]he found that supportability was lacking," but that other record evidence contradicted the opinion. (*Id.*). Plaintiff objects and again argues the ALJ erred in assessing Dr. Warren's opinion by neglecting the mandatory factors in 20 C.F.R. § 404.1520c. (ECF No. 22 at 2–3).

*1. Supportability*

The Court finds no error in the ALJ's assessment of Dr. Warren's opinion with regard to supportability. The ALJ noted that Dr. Warren's opinion was "minimally persuasive" because the evidence Dr. Warren reviewed (chiefly, the records from Dr. Johnson) demonstrated that Plaintiff was capable of higher performance than Dr. Warren opined. (ECF No. 15-4, Tr. 461, 473). For example, the ALJ cited specific tests for memory and comprehension in carrying out simple tasks, administered by Dr. Johnson, which Plaintiff completed "quite well" and without error. (*Id.*, Tr. 473). The ALJ further cited Dr. Johnson's qualitative notes, which indicated that Plaintiff had performed more complex tasks in his previous employment and had "no problems relating with his former co-workers and supervisors." (*Id.*). Yet, as the ALJ pointed out, Dr. Warren opined that Plaintiff would need an additional limitation of "supervision . . . to redirect as needed." (*Id.*; ECF No. 15-6, Tr. 677).

By emphasizing these discrepancies, the ALJ found that Dr. Warren's opinion lacked "support" from the "objective medical evidence" on which it was based. 20 C.F.R.

9

§ 404.1520c(c)(1). This sufficiently explains the ALJ's consideration of the supportability factor, as the Magistrate Judge also concluded. (ECF No. 21 at 20). Plaintiff's Objection is overruled on this point.

### 2. Consistency

The same discrepancy between Dr. Warren's opinion and Dr. Johnson's evidence also indicates a consistency finding. It establishes that Dr. Warren's opinion was not consistent with other record evidence—to wit, Dr. Johnson's test results. This partially blends the supportability and consistency analyses; but in this particular setup, with one doctor basing their opinion on another's findings that are also in the record, overlap is inevitable. By illustrating the contradictions between Dr. Warren's proposed limitation and Dr. Johnson's evaluations (ECF No. 15-4, Tr. 473), the ALJ showed that Dr. Warren's opinion was not "consistent . . . with the evidence from other medical sources . . . in the claim." 20 C.F.R. § 404.1520c(c)(2). Thus, the ALJ conducted at least an implicit analysis of consistency and discussed it in adequate detail to meet the regulations. Plaintiff's Objection is overruled on this point as well.

In sum, the ALJ appropriately assessed Dr. Warren's opinion. The discussion of supportability and consistency is sufficient and free of error.

### IV.  CONCLUSION

For the reasons set forth above, the Magistrate Judge's Report and Recommendation is **AFFIRMED WITH MODIFICATIONS**. Specifically, with respect to Dr. Johnson's medical opinion, the Court finds that the ALJ committed harmless error in evaluating supportability but performed a proper analysis of consistency. With respect to Dr. Warren's medical opinion, the Court finds that the ALJ performed a proper analysis of supportability and consistency both. Plaintiff's Objection is hereby **OVERRULED**, and the Commissioner's non-disability determination is **AFFIRMED**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 14, 2022**